UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ALANDO D. HAYES, TDOC # 393590 | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-107 |
| | ) | |
| KINGSPORT POLICE DEP'T, CLIFF | ) | |
| FERGUSON, OFFICER CRAWFORD, | ) | |
| OFFICER CHAMBERS, OFFICER | ) | |
| HAMMONDS, and K-9 OFFICER, *et al.*, | ) | |
| | ) | |
| all in their individual | ) | |
| and official capacities. | ) | |

## **MEMORANDUM and ORDER**

Alando D. Hayes, a state prisoner confined in West Tennessee, brings this *pro se* civil rights complaint for damages under 42 U.S.C. § 1983 against the Kingsport Tennessee Police Department and several of its officers.

The plaintiff's application to proceed *in forma paupers* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of the plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint on May 30, 2006. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the plaintiff's place of confinement and to George Little, the Commissioner of the Tennessee Department of Correction, to ensure compliance with the assessment procedures outlined herein.

1. The plaintiff's allegations

The plaintiff makes the following allegations in his complaint.  The plaintiff knocked on the door of a room at a Kingsport motel on October 28, 2005, where he was confronted by defendant Cliff Ferguson.  The defendant attempted to pull him into the room, but, because the plaintiff had committed no crime, he immediately pulled away, taking several steps backward into the motel parking lot. Officer Ferguson and other unidentified officers who had been in the room rushed towards the plaintiff and began to beat and kick him.  Additional officers arrived and they too joined in the beating.  At some point, the plaintiff broke loose, but was captured by a police dog.  To the amusement of the officers, the canine was allowed to bite the plaintiff's arm and back.  However, when the plaintiff began to choke the K-9, the dog was called, and the officers resumed the beating of the (by

---

[1]  Payments should be mailed to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

this time) nearly nude plaintiff. One officer said, "That's enough," and the beating terminated. Defendant Crawford, who had donned rubber gloves, then pulled down the plaintiff's shorts and briefs and "began to fondle" the plaintiff's anal area.

The plaintiff was taken to a hospital (but not the closest one) and treated with band aids and a rabies shot. Despite the plaintiff's insistence that he was experiencing abdominal and urinary pain due to the beating, the officer forced him to walk to the cruiser and transported him to jail. After being booked into the jail, the plaintiff began passing clots of blood through his penis when he urinated. About thirty to forty minutes later, (after the plaintiff telephoned his girlfriend regarding the above events) the Emergency Medical Squad arrived and took him to the hospital, where he was admitted to the trauma unit and told that he had lost his left kidney and had sustained "a "2% trauma" to his right kidney. He suffers sporadically from abdominal pain. For these alleged constitutional violations, the plaintiff seeks 2.5 million dollars in damages from each defendant.

2. Screening the complaint

The Court must now review the complaint to determine whether it states a claim entitling the plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit (or individual defendants or claims against them) must be dismissed.

The first defendant named in the complaint is the Kingsport Police Department. However, this particular defendant is not an entity which may be sued under § 1983.

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See also Monell v. Department of Social Services*, 436 U.S. 658, 689-90 n. 53 (1978) (Only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983.). Because the Kingsport Police Department is not susceptible to suit, it is **DISMISSED** from this action.

The plaintiff also names Officers Chambers and Hammonds as defendants. However, none of the allegations made in the complaint relates to either defendant. Absent some contention of wrongdoing against these defendant officers, the plaintiff fails to state a claim against them. Therefore, defendants Chambers and Hammonds are also **DISMISSED** from this lawsuit.[2]

The Clerk is **DIRECTED** to send the plaintiff service packets for defendants Cliff Ferguson and Officer Crawford. (Each packet contains a blank summons and USM 285 form.) The plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date of date on this Order. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendants. The defendants are **ORDERED** to respond to the plaintiff's pleadings in the manner and within the time required by the Federal Rules of Civil Procedure.

---

[2] The plaintiff will be sent a service packet for "K-9 Officer" when this defendant is more fully identified.

The plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE